```
 1  JEFF A. HARRISON (SBN 151227)
    JHarrison@metzharrison.com
 2  SARA PEZESHKPOUR (SBN 260240)
    SPez@metzharrison.com
 3  METZ & HARRISON, LLP
    139 Richmond Street
 4  El Segundo, California 90245
    Tel: (310) 648-8755
 5  Fax: (310) 648-8734
 6
    Attorneys for Plaintiff,
 7  ANNETTE MORASCH
 8
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE MORASCH, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>RAINTREE CONDOMINIUMS ASSOCIATION, a California Corporation; and DOES 1 through 10, Inclusive;<br><br>Defendants. | Case No.:  2:15-cv-5325-<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES** FOR HOUSING DISCRIMINATION IN VIOLATION OF THE FAIR HOUSING ACT (42 U.S.C. §3601 *et seq.*); THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (CAL. GOV'T CODE §12926 *et seq.*); THE UNRUH CIVIL RIGHTS ACT (CAL. CIV. CODE §51 *et seq.*); and NEGLIGENCE<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

1

Plaintiff ANNETTE MORASCH ("Plaintiff") complains of Defendant RAINTREE CONDOMINIUMS ASSOCIATION, a California corporation ("Defendant"), and DOES 1 through 10, Inclusive, and alleges as follows:

## INTRODUCTION

1. The Raintree Condominiums is a sprawling residential condominium development in Culver City, California. Raintree's hundreds of condominium units are spread over 25 acres, surrounded by lush gardens. Lakes and ponds stocked with water lilies and koi compliment the landscape. A walking path meanders through the complex, among well-maintained lawns and stately trees. In this gated and secure community, Raintree residents are afforded access to the development's many amenities, including pools and spas and a fitness center. Residents may stroll to the bustling Culver City restaurant and arts district. Their children may enroll in Culver City's award winning school district, especially its elementary schools, most of which are conveniently located near the Raintree development.

2. On information and belief, all condominium owners at Raintree are automatically part of the Raintree Condominiums Homeowners' Association (the "HOA"), the Defendant in this action. Raintree condominium owners pay more than $400 each month to the HOA, and these funds are used to provide services to the owners, including maintenance and operation of the condominium's amenities. The HOA is directed and operated by a Board of Directors. On information and belief, the Raintree HOA's Board of Directors is comprised of condominium owners who volunteer their time to manage, oversee, and direct the activities of the HOA.

3. On information and belief, the HOA uses the services of a private third party company, Defendant DOE #1, to secure the community, investigate resident issues, and enforce the HOA's rules and regulations.

4. Many families with minor children reside at Raintree, seeking to enjoy the development's grounds and amenities and to take advantage of living in Culver

City – especially its schools. Unfortunately, families with minor children are not able to fully and equally enjoy Raintree's amenities in a manner equal to other residents. Through its actions and inactions, the Raintree HOA's Board of Directors has targeted, and continues to target, families with minor children, harassing them when they use the amenities, and creating a culture of fear and intimidation at the complex.

5. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, denied full and equal housing. Through this lawsuit, Plaintiff seeks declaratory relief, injunctive relief, damages, reasonable attorneys' fees, and litigation costs.

## **PARTIES**

6. Plaintiff ANNETTE MORASCH is, and at all times relevant herein was, the owner of a condominium unit at Raintree. At all times relevant herein, Plaintiff has resided and continues to reside in her condominium unit with her minor daughter, "C." As a person with a minor child, Plaintiff is a person whose "familial status" is protected from unlawful housing discrimination as set forth in the Fair Housing Act, 42 U.S.C. §3602(k).

7. Plaintiff pays $458.73 in monthly homeowners' association dues to Defendant HOA and is in good standing with the HOA.

8. On information and belief, Defendant RAINTREE CONDOMINIUMS ASSOCIATION is a California corporation which operates and/or manages the Raintree Condominiums development, located at 2000 Raintree Circle in Culver City, California. On information and belief, decisions for and on behalf of Defendant are made by the Raintree Condominiums Homeowners Association Board of Directors ("Board of Directors" or "Board").

9. On information and belief, Defendant DOE #1 is a private third party security company hired and used by Defendant HOA to secure the complex,

investigate complaints, and enforce the HOA's rules and regulations.

10. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission, or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION AND VENUE

11. Jurisdiction and venue are proper in this Court because Plaintiff's claims arise under the federal Fair Housing Act, 42 U.S.C. §3601 *et seq*. This Court has supplemental jurisdiction over Plaintiff's California claims.

12. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Central District and Plaintiff's causes of action arose in the Central District.

## FACTS UPON WHICH ALL CLAIMS ARE BASED

13. Plaintiff is a person with a minor daughter, "C". Plaintiff and C have lived at the Raintree Condominiums since February 2012.

14. At all times relevant herein, Defendant HOA has used a third party company, Defendant DOE #1, to provide security services for the Raintree

COMPLAINT

4

1  Condominiums development. On information and belief, these security personnel are
2  responsible for ensuring the security of the gated community, investigating resident
3  complaints, and enforcing the HOA's rules and regulations.

     ***A.   Discriminatory Signage Throughout Raintree***

     15.    When Plaintiff and C moved into Raintree, Plaintiff found signage posted throughout the complex, especially at the common areas and amenities, which restricted or prohibited activities and behaviors of "children." For example, posted at the pool and spa were signs indicating the following:

- "Children 14 and under must be accompanied by an adult."
- "Children under 14 must be accompanied by an adult."
- "Persons 14 and under must be accompanied by adult responsible for their conduct and safety."
- "Persons 14 and under may have access to the poolside clubhouse for use of the bathroom facilities and must be accompanied by an adult."
- "No pool toys or other toys or mats, floats, balls etc. permitted in the pool or spa."
- "No child not toilet trained and/or in diapers allowed in pool or spa."
- "Residents under 14 years of age are NOT permitted" (in the spa).

     16.    These signs were posted from at least February 2012 until approximately the end of May 2015, when some of them were removed following Plaintiff's April 8, 2015 and May 12, 2015 written complaints to Defendant HOA regarding the discriminatory signage.

     ***B.   Raintree's Discriminatory Rules, Regulations and Restrictions***

     17.    Raintree's governing documents specifically target families with minor children and limit or prohibit a family's full and equal use of the development. For example, Raintree's Covenants, Conditions and Restrictions ("CC&Rs") provide:

- "Supervision of Minors. Members and Members' Tenants shall be liable

COMPLAINT

5

for the conduct, behavior, and proper supervision of minors residing at or visiting their Units and/or using the Association's Common Areas." (CC&Rs, Section 3.2)

- "No Condominium Unit shall be occupied by any resident under the age of eighteen (18) years. 'Resident' means a person who for thirty (30) consecutive days or more or for sixty (60) days or more in any twelve (12)-month period uses the Condominium Unit as his dwelling. This Section may not be amended without prior written consent of the City of Culver City." (CC&Rs, Article VII, Section 1(g).)
- "Each condominium Unit shall be restricted to the use by one (1) Family. Family means an individual or two (2) or more persons related by blood or marriage, or a group not to exceed five (5) persons who need not be related by blood or marriage, living together as a single housekeeping unit in a Condominium Unit…This subsection (h) may not be amended without the prior written consent of the City of Culver City." (CC&Rs, Article VII, Section 1(h).)

18. Raintree's Rules, Regulations, and Guidelines, which were promulgated and approved by the HOA on September 5, 2012, also specifically target families with minor children and limit or prohibit their full and equal use of the development. For example, these Rules, Regulations and Guidelines provide:

- Referring to the above-referenced unlawful signs posted at the pool, "Pool rules are posted on the pool gates and walls. Please follow these rules." (Part VI, ¶ 4.)
- "**Minors** Residents will be liable for the conduct, behavior, and proper supervision of minors residing at or visiting their units and/or using the common areas. Minors must always be supervised by a responsible adult while in the common areas." (Part II, ¶ 7.C)

COMPLAINT

6

- "**Age Restrictions** Children 14 years and under must be accompanied by an adult who is responsible for their conduct and safety while in the pool area and clubhouse bathroom." (Part VI, ¶4.D)
- "Devices that promote water safety are allowed for flotation purposes only; they are not to be used for recreational play" (Part VI ¶ 4.G.)
- "**Prohibited Flotation Devices** Floats such as surfboards, boogie boards, rafts, inner tubes, and similar items of play are not permitted (Part VI ¶4.G.2)
- "Excessive noise is prohibited" when using "toys". (Part VI ¶ 4.H.2)
- "No toys are allowed in the Jacuzzi" (Part VI ¶4.H.3)
- "No diving, jumping, running, pushing, ball playing, or loud or boisterous conduct is permitted in the pool area". (PartVI ¶4.L)
- "**Age Restrictions** No one under 16 may use the sauna unless accompanied by a responsible adult." (Part VI ¶5.B)
- "**Age Restrictions** No one under 16 may use the Fitness Center unless accompanied by a responsible adult." (Part VI ¶6.B)

C. **Defendants' Enforcement of Discriminatory Rules and Regulations**

19. In addition to signage and development rules specifically targeting and limiting the activities of minor children, Plaintiff found that she was, and continues to be, repeatedly harassed by the employees and staff of Defendant DOE #1, due to C's activities. For example:

- In August 2013, and again in August 2014, Plaintiff held a birthday party for C at the Raintree pool. Plaintiff, her daughter, and other residents with minor children at the pool that day were constantly approached by the pool monitor and employees of DOE 1. The pool monitor and security guards repeatedly informed Plaintiff, her daughter, and others in attendance that they were violating the "pool rules" and/or

the "rules about kids." The monitor and security guards repeatedly informed Plaintiff that security had received "complaints about the children."

- In summer 2014, Plaintiff and C were using the pool and were repeatedly approached by the pool monitor and security guards regarding C's behavior. The pool monitor did not admonish or speak to the adult residents using the pool at the same time and engaging in the same behavior as C.
- Throughout 2012, 2013, 2014 and 2015, pool monitors and security guards have repeatedly advised Plaintiff that C was violating the "pool rules" by making noise in the pool.
- Throughout 2014 and 2015, pool monitors have repeatedly approached Plaintiff when she is using the pool/spa with C, informing her that they were investigating complaints regarding noise at the pool, and advising her of the "pool rules."
- In March 2015, Plaintiff and C were enjoying time in the Jacuzzi when a resident approached them, pointed to the spa sign which stated "Residents under 14 years of age are NOT permitted" and told Plaintiff that C was not permitted to be in the Jacuzzi. Plaintiff repeatedly told the resident that the signage was illegal, but the resident insisted that the sign was accurate and that C was not allowed in the Jacuzzi.

20. Although many of the posted signs at the complex regarding children have been removed, Defendants continue to enforce discriminatory rules against families with children in their use of the pool, spa, common areas and related amenities. For example, on May 30, 2015, Plaintiff and C visited the pool at approximately 1:30 p.m. Upon signing in, the pool monitor on duty advised Plaintiff and C that rules "for kids" were in effect at the pool and spa. The monitor

COMPLAINT

8

specifically stated that he would enforce rules "for children." Plaintiff advised the pool monitor that she and her daughter had not done anything wrong; in fact, they had not even begun to use the pool. The monitor stated that he had to inform Plaintiff and C about the "rules for kids," stating that while children were permitted to have fun they "could not get too excited," or words to that effect. Three other residents were enjoying the pool that day; none of them had minors with them, and none appeared to be given the speech about "rules for kids" by the monitor.

21. On June 10, 2015, Plaintiff went to the pool to swim with C, her adult guest, and his minor son. They were approached twice by the security guard employed by DOE 1. The first time, the security guard informed Plaintiff that he had "received and was investigating a couple of complaints about the noise." The second time, approximately 10 minutes later, the security guard approached Plaintiff and her group as they used the spa. The security guard asked Plaintiff to confirm she was a Raintree resident. Other adults using the pool and spa were not approached by the guard.

22. In addition, throughout her residency, Plaintiff has been targeted by security personnel "investigating" complaints regarding C. For example, security personnel routinely advise Plaintiff that other residents have complained about "noise" from C in her condominium unit. Security personnel admonish Plaintiff about the "noise" even though the complained-of activities do not occur during the complex's designated "quiet hours" and/or are normal noises associated with day-to-day living. Residents are emboldened to report these "complaints" because Defendant HOA has created and propagated a culture of intimidation and harassment of families with minor children, and because Defendant DOE #1's staff "investigate" these discriminatory allegations and enforce the discriminatory rules and regulations.

23. Plaintiff and other residents with minor children attempted to resolve their issues with Defendant HOA informally, both via written correspondence and

COMPLAINT

1  verbal complaints, as well as by lodging complaints at monthly HOA Board
2  meetings. In June 2015, Plaintiff and other residents informed the HOA that they felt
3  harassed and targeted due to their familial status and asked for the HOA to educate
4  itself, and other condominium owners, on the right of families with minor children to
5  equally use the development's amenities.

6        24.    The HOA did not substantively respond to this request. Rather, the
7  Board entertained other resident complaints of "unaccompanied minors" throughout
8  Raintree, "teens jumping in the pool" and "brats." At the June 2015 HOA meeting,
9  upon recommendation of the General Manager Carrie Fields, the Board approved the
10 purchase and installation of an "HD Day/Night Camera at the community pool" at a
11 cost of approximately $6,000. During that meeting and in a discussion regarding
12 minors at Raintree, Ms. Fields referred to a resident's complaint about brats and
13 children being unaccompanied and said "People are worried about what's going on at
14 the pool and in the community. That way [i.e., by installation of video cameras] we
15 will have it documented if something happened at the pool…[we will] have it on our
16 computers…I think in my professional opinion that [the installation of cameras] is a
17 very good idea because that keeps you away from getting a pool monitor, or if anyone
18 has a complaint against the pool monitor, or if the pool monitor is doing what they're
19 supposed to be doing," or words to that effect.

20       25.    At the June 2015 Board meeting, Ms. Fields told the Board "We would
21 only be looking at [the camera tapes] when we received a valid complaint from a
22 resident homeowner saying you know, I don't know, 'Somebody's child was running
23 in the pool area.'…We're not going to monitor it every single day. If somebody tells
24 us, you know, or tells Veena, you know, I don't know, 'Kathy's grandson' or
25 whatever, 'he's coming over the fence' or 'he's hopped over the fence.'" Or words to
26 that effect.
27 ///
28

COMPLAINT

10

26. Further, upon information and belief, the HOA and DOE #1 write up and fine families with children in a negatively differential fashion. For instance, upon information and belief, a resident with a 13 year old, "W.", has been written up three times and fined $250 for W's alleged actions constituting nothing more than children's normal play behavior. Upon information and belief, residents who harass or interfere with the quiet enjoyment of families with children are not written up or fined by the HOA and DOE #1.

27. The HOA, by its actions and failure to act and through its agent Defendant DOE #1, has not only discriminated against Plaintiff due to her familial status, but has created and permeated an atmosphere of hostility for families with minor children. Unless and until it is enjoined to comply with federal and California fair housing laws, Plaintiff and other residents with minor children will be denied full and equal opportunity to use and enjoy their residences, and will be subjected to harassment, intimidation, and injury, all to their damage.

28. Plaintiff has suffered difficulty and discomfort attempting to use and enjoy her condominium unit. Plaintiff has suffered embarrassment, emotional distress, anxiety, humiliation, and frustration due to Defendants' discrimination. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

## CAUSES OF ACTION

### I. FAIR HOUSING ACT (42 U.S.C. § 3601 *et seq*).

29. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Defendants have violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, by discriminating against Plaintiff on the basis of her familial status. 42 U.S.C.

§§3602(k); 3604(a).

31. Specifically, Plaintiff alleges that, through a pattern and practice of discrimination, Defendants have violated the Act by discriminating in the terms, conditions, and privileges of ownership of the Raintree condominiums. 42 U.S.C. §3604(b).

32. Plaintiff further alleges that Defendants violated the Act by making, printing, and/or publishing statements indicating a preference based on a person's familial status, in violation of 42 U.S.C. §3604(c).

33. In so doing, Plaintiff alleges that Defendants have made unavailable or denied her dwelling to her, in violation of 42 U.S.C. §3604(a).

Wherefore, Plaintiff prays for relief as requested below.

## II. CALIFORNIA FAIR EMPLOYMENT & HOUSING ACT
### (Cal. Gov't Code § 12926 *et seq.*)

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 of this complaint.

35. Plaintiff alleges that Defendants have violated Cal. Gov't Code §12927(c)(1), which defines "discrimination" to include acts such as denial of housing accommodations; and provisions of inferior terms, conditions or privileges.

36. Through Defendants' written policies restricting or forbidding children's activities, through Defendants' selective enforcement of the policy on children, Plaintiff has been discriminated against on the basis of her familial status.

Wherefore, Plaintiff prays for relief as requested below.

///
///
///

## III. UNRUH CIVIL RIGHTS ACT
### (Cal. Civ. Code § 51 *et seq*).

37. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. In committing the acts and omissions herein described, Defendants have unlawfully discriminated against Plaintiff on the basis of her familial status, in violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*.

Wherefore, Plaintiff prays for relief as requested below.

## IV. CALIFORNIA FAIR EMPLOYMENT & HOUSING ACT
### (Cal. Gov't Code § 12955(g))
### (As Against Defendant DOE only)

39. Plaintiff repeats, repleads, and incorporates by reference Paragraphs 1 through 38 as though fully set forth in this cause of action.

40. At all times relevant herein, Cal. Gov't Code §12955(g) has prohibited any person from aiding another person in violations of the California Fair Employment & Housing Act.

41. Defendant DOE, upon information and belief, conspired, aided and abetted Defendant HOA in order to enforce discriminatory posted written rules and printed CC&Rs and Rules, Regulations and Guidelines. Defendant DOE, upon information and belief, conspired, aided and abetted Defendant HOA to prevent children from accessing common areas and/or to harass and intimidate children to deter them from using common areas, thereby depriving them of equal access and enjoyment to the premises.

## IV. NEGLIGENCE

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 of this Complaint.

43. Defendants owed, and continues to owe, Plaintiff a duty to operate the Raintree Condominiums in a manner that is free from unlawful discrimination and to employ, train, and supervise their directors, employees, agents, and themselves to fulfill that duty. Defendants breached that duty by drafting, adopting, and enforcing discriminatory rules and regulations that discriminate against families with children.

44. Defendants' negligence has harmed and continues to harm Plaintiff because she has been denied the full use and enjoyment of her dwelling and common areas. Defendants' negligence includes but is not limited to, its negligent failure to train its Board of Directors, its employees and agents regarding the requirements of federal and state fair housing laws; its negligent failure to hire persons who were familiar with the requirements of federal and state fair housing laws; its negligent failure to supervise themselves and their employees regarding compliance with the requirements of federal and state fair housing laws; its negligent failure to discipline or terminate employees, who failed to comply with the requirements of federal and state fair housing laws; and its negligent failure to operate the development in conformity with accepted industry custom and standards.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

1. That this Court declare that the discriminatory practices of the Defendants as set forth above violate the aforementioned statutes;

2. That this Court enjoin Defendants to eliminate all discriminatory posted

COMPLAINT

signage throughout the development; to revise any and all discriminatory rules and regulations; and to educate Defendants and their agents, members, and/or employees in the requirements of federal and state fair housing laws;

3. That this Court award general, compensatory, and statutory damages to Plaintiff in an amount within the jurisdiction of this Court;

4. That this Court award special and consequential damages to Plaintiff according to proof;

5. That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. §3613(c), Cal. Gov't Code § 12989.2, and Cal. Civil Code §55; and

6. Such other and further relief as the Court may deem just and proper.

Dated: July 15, 2015

**METZ & HARRISON, LLP**

By: _____
JEFF A. HARRISON
SARA PEZESHKPOUR
Attorneys for Plaintiff,
ANNETTE MORASCH

COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: July 15, 2015

METZ & HARRISON, LLP

By: _____
JEFF A. HARRISON
SARA PEZESHKPOUR
Attorneys for Plaintiff,
ANNETTE MORASCH

COMPLAINT